1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    Case No.  6:24-mj-00092-HBK-1

12                    Plaintiff,                    ORDER DENYING DEFENDANT'S
                                                    MOTION TO DISMISS
13            v.
                                                    (Doc. No. 13)
14    TYLER ANTHONY MARSH,

15                    Defendant.

16

17            Before the Court is Defendant's motion to dismiss filed September 17, 2024.  (Doc. No.

18    13, "Motion").  Defendant submits the declaration of defense counsel, Assistant Federal Public

19    Defender Erin M. Snider in support.  (Doc. No. 13-1).  Defendant seeks the dismissal of this

20    action with prejudice under Federal Rule Criminal Procedure 16(d)(2)(D).  The Government filed

21    an opposition and Defendant filed a reply.  (Doc. Nos. 14, 16).  On October 2, 2024, the Court

22    held a hearing on the motion.  (Doc. No. 18).  The Court denies the Motion but grants a

23    continuance as a sanction for the government's discovery violation.

24                          **FACTUAL BACKGROUND AND ARGUMENT**

25            On Friday, August 9, 2024, Defendant Tyler Anthony Marsh was arrested in Yosemite

26    National Park and subsequently charged by criminal complaint with three misdemeanors:

27    misappropriation of property and services in violation of 36 C.F.R. § 2.30(A)(1); interfering with

28    agency functions in violation of 36 C.F.R. § 2.32(A)(1); and disorderly conduct in violation of 36

1  C.F.R. § 2.34(A)(2).  (Doc. No. 1).  Mr. Marsh made his initial appearance before the duty

2  magistrate judge on Tuesday, August 13, 2024.  (Doc. No. 4).  Mr. Marsh entered not guilty pleas

3  to each of the counts in the criminal complaint and requested discovery pursuant to Federal Rule

4  of Criminal Procedure 16 and Local Rule 440.[1]  (*Id*.).  The Court ordered discovery to be

5  produced, set this case for a September 10, 2024 status conference, and released Mr. Marsh on his

6  own recognizance.  *Id*.

7        The government did not produce discovery as directed by August 27, 2024.  On

8  September 4, 2024, defense counsel emailed, Mr. Jeffrey A. Spivak, counsel of record for the

9  government inquiring as to the status of discovery.  (Doc. No. 13-1, ¶ 3).  On September 9, 2024,

10  after not receiving a response to the September 4, 2023 email, defense counsel telephoned Mr.

11  Spivak.  (*Id*. ¶ 4).  After the telephone call on September 9, 2024, the government produced 29

12  pages of discovery at 12:27 p.m., and an Evidence.com link to download the remaining discovery,

13  including the body camera footage at 8:43 p.m. that same day. (*Id*. ¶¶ 5,6).  The government did

14  not produce Mr. Marsh's "Criminal History, DL and NCIC checks done on the night of his arrest"

15  until September 26, 2024.  (Doc. No. 16-1, ¶ 5).

16        Defense counsel argues that the government "has exhibited a shockingly lackadaisical

17  attitude toward its discovery obligations in this case" which conduct is "part of a pattern of

18  discovery violations in misdemeanor cases."  (Doc. No. 13 at 4:6-7, 4:15-16).  In support, counsel

19  directs the Court to three other misdemeanor cases where the government failed to timely comply

20  with their discovery obligations.[2]  Defense counsel also asserts that the discovery delay has

21  caused Mr. Marsh "substantial prejudice" pointing to the lost "opportunity to reach a prompt

22  resolution of the case" and "significant hurdles" in moving this case forward due to Mr. Marsh's

23  September 7, 2024 involuntary hold and his continued involuntary commitment to a behavioral

24  health center.  (Doc. No. 16:10-12, 16-1, ¶ 5).

25

---

26  [1] Local Rule 440 directs the government to provide Rule 16 discovery within 14 days from the date of
27  arraignment. Given Mr. Marsh's arraignment on August 13, 2024, the government was required to provide
   discovery by August 27, 2024.

28  [2] *See United States v. Ross*, Case No. 5:22-po-00125-CDB, *United States v. Hardwick-Moses*, Case No.
   5:22-po-00062-CDB, and *United States v. Wright*, Case No. 5:21-po-00583-SAB-1.

Counsel of record for the government acknowledges that the government failed to timely provide discovery but contends the discovery delay was "due to error and nothing more." (Doc. No. 14 at 1:22). Counsel claims that the error resulted because the duty attorney for the AUSA who handled the case at arraignment assumed that the discovery would be handled by the National Park Service (NPS) employee who typically handled misdemeanor discovery,[3] but the NPS employee was on extended leave from August 15, 2024 through September 7, 2024, when he ceased employment with NPS. (*Id*. at 1). While counsel for the government provides no explanation for his failure to respond to defense counsel's September 4, 2024 email, he maintains there was no misconduct or bad faith by the government that would warrant dismissal of the complaint as an appropriate sanction and points to the heavy misdemeanor caseload handled by his office. (*Id*. at 3-4).

## APPLICABLE LAW

Rule 16, Federal Rules of Criminal Procedure governs the parties' obligations to disclose specific types of information and vests the court with authority to enforce the rules of discovery. *See United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008). If a party fails to comply with its discovery obligations, Rule 16(d) identifies a range of measures that the Court may employ upon finding that a party has failed to provide discovery required by the rule including:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or
>
> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d). Rule 2 of the Federal Rules of Criminal procedure instructs that the rules "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and

---

[3] The NPS employee, who appears on misdemeanor cases, is not an attorney but is authorized and to appear before the Court pursuant to Local Rule 180(b)(4).

1    delay." *W.R. Grace*, 526 F.3d at 510 (emphasis added).

2        An appropriate sanction, if any, for a failure to comply with a discovery rule rests in the

3    court's sound discretion. *United States v. Gee*, 695 F.2d 1165, 1168 (9th Cir. 1983).  While Rule

4    16(d)(2)  provides a "broad allowance to prescribe any sanction that is 'just,'" *Ordonez v. United*

5    *States*, 680 F.3d 1135, 1140 (9th Cir. 2012), the sanction chosen should not be "harsher than

6    necessary to accomplish the goals of Rule 16" *Gee*, 695 F.2d at 1169, and not disproportionate to

7    counsel's conduct. *United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987).  The

8    trial court generally should balance three factors in determining which actions, if any, it should

9    take to address a discovery violation by the government:

10            (1) The reasons the government delayed producing the requested
             materials, including whether or not the government acted in bad
11           faith when it failed to comply with the discovery order; (2) the
             extent of prejudice to the defendant as a result of the government's
12           delay; and (3) the feasibility of curing the prejudice with a
             continuance.
13

14   *United States v. Martinez,* 455 F.3d 1127, 1130 (10th Cir.2006) (citing *United States v. Muessig,*

15   427 F.3d 856, 864 (10th Cir.2005)).

16       "A dismissal rooted in a failure to obey a discovery order lies within a court's supervisory

17   powers." *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988) (citing *United States v.*

18   *Gatto,* 763 F.2d 1040, 1046 (9th Cir.1985); *United States v. Roybal,* 566 F.2d 1109, 1110–11 (9th

19   Cir.1977)).  But such a dismissal with prejudice is an extreme remedy reserved for those

20   situations where "the defendant suffers substantial prejudice, and where no lesser remedial action

21   is available." *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) (internal quotations

22   and citations omitted).  *See also, United States v. Jacobs,* 855 F.2d 652, 655 (9th Cir.1988) (per

23   curiam) ("dismissal for prosecutorial misconduct requires (1) flagrant misbehavior and (2)

24   substantial prejudice.").

25                                        **ANALYSIS**

26       There is no dispute that the government failed to timely to produce discovery to defense

27   counsel.  Particularly concerning is Mr. Spivak's failure to respond to defense counsel's email

28   and his acknowledgment at the meeting that it remained unopened in his in box.  Further

                                                  4

1   troubling is the government's attempt to shift the blame to the Rule 180 NPS employee, who was

2   not present at Mr. Marsh's Initial Appearance/Arraignment.  Notably, the government does not

3   attest that they communicated with the Rule 180 NPS employee after Mr. Marsh's arraignment to

4   alert him of the discovery order.  And while the government claims it's Fresno Office "handles

5   between 1,000 to 2,000 misdemeanor cases across the three courthouses" each year, the vast

6   majority of these cases do not involve arrests but are bailable offenses involving little or no

7   involvement from the United States Attorney Office.  Indeed, in this Court's opinion the

8   government has on occasions exhibited a laissez faire attitude toward the misdemeanor docket.[4]

9           While the Court finds government conduct indefensible, the Court nonetheless finds it

10  does not rise to a level of recklessness to warrant a dismissal with prejudice.  Significant, the

11  Court finds that Defendant has not suffered any prejudice that cannot be cured by the lesser

12  sanction of granting a continuance to afford defense counsel adequate time to meet and confer

13  with Defendant once he is released from his involuntary commitment to a behavioral health

14  center.  In truth, the state of Defendant's health was recognized early on when the Court was

15  required to postpone Defendant's initial appearance from Monday, August 12, 2024 to Tuesday,

16  August 13, 2024.[5]  Although the Court finds that a dismissal with prejudice to be unwarranted in

17  these circumstances, the Court would be remiss if it did not take this opportunity to both warn the

18  government that further discovery violations will not be tolerated and to advise the government

19  that it would be prudent to implement formal procedures for handling misdemeanor cases to

20  avoid confusion and mismanagement in the future.

21          Accordingly, it is **ORDERED**:

22      1.  Defendant's motion to dismiss (Doc. No. 13) is DENIED.

23      2.  The Court finds the sanction of a continuance appropriate and CONTINUES the

24          Second Status Conference for this matter from November 6, 2024 to January 14, 2025

25          at 10:00 A.M.

26  _____

27  [4] The Court has previously expressed its concern with what it perceived as a lack of supervision, training, and/or oversight by the U.S. Attorney Supervisor with the designated NPS Rule 180(b)(4) employee.
    [5] The Court received an email at 12:17 p.m. on Monday, August 12, 2024 that the scheduled

28  initial appearance for that day was being rescheduled due to "a medical issue."

3.  The Clerk shall provide a courtesy copy of this Order to Assistant U.S. Attorney

    Kimberly A, Sanchez, Fresno Office Chief.


Dated:   November 4, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6